IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 197

| | |
|---|---|
| LESLIE E. KLINE, on her own behalf and on behalf of B.A.W. and J.T.W., minors under the age of eighteen and, JEFFERY A. KLINE, on his own behalf,<br><br>    Plaintiffs,<br><br> vs.<br><br>CLEVELAND COUNTY, a local government entity; KAREN PRITCHARD, former director of Cleveland County Department of Social Services, in her official and individual capacities; KATIE SWANSON, director of Cleveland County Department of Social Services, in her official capacity; TAMARA HARDIN, Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; PAM BRIGHT, former Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; NICHOLE ALLEN, Cleveland County Department of Social Services Child Protective Services Social Worker, in her official and individual capacities; DEBI REECE, Cleveland County Department of Social Services Child Protective Services social worker, in her official and individual capacities; CHRISTOPHER LEE, Cleveland County Department of Social Services Child Protective Services social worker, in his official and individual capacities;  and JOHNNY ANDERSON WHITE, in his individual capacity,<br><br>    Defendants.| ORDER |

This matter is before the Court on Plaintiffs' Renewed Motion to Seal (Doc. 60) ("Motion to Seal").

Plaintiffs previously requested that all filings in this matter be made or placed under seal.

In an Order filed on August 22, 2019, the Court rejected the concept of global sealing in this matter and directed Plaintiffs to file an amended complaint that complied with the Federal Rules of Civil Procedure and this district's Administrative Procedures Governing Filing and Service by Electronic Means. (Doc. 16). The Court advised that to the extent it became necessary for protected information concerning the involved minors or other individuals to be included in court filings, motions seeking the sealing of those documents could be made and considered on an individual basis. Id. at 4.

On August 27, 2019, Plaintiffs filed their Amended Complaint (Doc. 17).

In the instant Motion, and following a discussion regarding sealing issues during a status conference on October 30, 2019, Plaintiffs now request the sealing of certain exhibits filed previously with their Amended Complaint.

Defendants do not object. (Doc. 61) at 2.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the

documents and for rejecting the alternatives." <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Court has considered the Motion to Seal, the public's interest in access to the subject filings, and alternatives to sealing. The subject records pertain to minors and proceedings in which they were involved and include documents from the Department of Social Services, the Department of Juvenile Justice, and certain juvenile court records. While some redactions to the documents have been made, the Court determines that sealing is necessary, and that less restrictive means of handling the information are not sufficient.

Accordingly, Plaintiffs' Renewed Motion to Seal (Doc. 60) is **GRANTED**, and exhibits numbers 13, 14a, 14b, 14c, 15a, 15b, 15c, 16, 17, 18, 19, 20, 21, 22, 23, and 28 to Plaintiffs' Amended Complaint are **SEALED** and shall remain sealed until further Order of the Court.

Signed: November 5, 2019

W. Carleton Metcalf
United States Magistrate Judge