IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 197

| | | |
|---|---|---|
| LESLIE E. KLINE, on her own behalf and on behalf of B.A.W. and J.T.W., minors under the age of eighteen, and JEFFERY A. KLINE, on his own behalf, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| CLEVELAND COUNTY, a local government entity; KAREN PRITCHARD, former director of Cleveland County Department of Social Services, in her official and individual capacities; KATIE SWANSON, director of Cleveland County Department of Social Services, in her official capacity; TAMARA HARDIN, Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; PAM BRIGHT, former Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; NICHOLE ALLEN, Cleveland County Department of Social Services Child Protective Services Social Worker, in her official and individual capacities; DEBI REECE, Cleveland County Department of Social Services Child Protective Services social worker, in her official and individual capacities; CHRISTOPHER LEE, Cleveland County Department of Social Services Child Protective Services social worker, in his official and individual capacities; and JOHNNY ANDERSON WHITE, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on various procedural motions, described below.  The Court held a hearing on these motions, as well as a general status conference in this matter, on October 30, 2019. Appearing at the hearing were attorneys Rebecca McNerney (on behalf of Plaintiffs), Martha Thompson (on behalf of Defendants Cleveland County, Prichard, Swanson, Hardin, Bright, Allen, Reese, and Lee[1]), and Mark Kurdys (on behalf of Defendant White).

### 1. Motion to Seal Documents (Doc. 35)

On October 1, 2019, the Individual Defendants filed a Motion to Dismiss (Doc. 34) and a Motion to Seal Documents (Doc. 35) ("Motion to Seal").  The Motion to Seal requests the sealing of certain documents submitted in support of the Motion to Dismiss. Those exhibits have been filed under seal and appear on the docket at entry 36.

The Court has considered the Motion to Seal, the public's interest in access to the subject filings, and alternatives to sealing.  For the reasons stated in the Motion to Seal and on the record during the hearing, the Court determines that sealing is necessary, and that less restrictive means of handling the information are not sufficient.  Accordingly, and without objection from Plaintiffs or Defendant White, the Individual Defendants' Motion to Seal Documents (Doc. 35) is **GRANTED,** and the documents appearing at docket entry 36 shall remain sealed until further order of the Court.

---

[1] For ease of reference, these parties are referred to as the "Individual Defendants."

### 2. Cleveland County's Motion to Amend the Rule 12 and 17 Motion to Dismiss (Doc. 42)

The record indicates that Cleveland County was served with Plaintiffs' Amended Complaint on September 16, 2019, making an answer or other response due on or before October 7, 2019.

On September 30, 2019, Cleveland County filed a motion seeking an extension of its answer deadline. (Doc. 32).

Plaintiffs responded in opposition on October 1, 2019. (Doc. 33). Later that day, the Individual Defendants filed a Motion to Dismiss (Doc. 34), a supporting memorandum (Doc. 37), a Motion to Seal Documents (Doc. 35), and the documents referenced by the Motion to Seal (Doc. 36). The Individual Defendants and Cleveland County also filed a separate Motion to Dismiss (Doc. 38) and a supporting memorandum (Doc. 39).

On October 4, 2019, in light of the filing of the Motion to Dismiss (Doc. 38) by the Individual Defendants and Cleveland County, the Court denied Cleveland County's pending motion for extension of time as moot.

On October 8, 2019, Cleveland County filed the instant Motion to Amend the Rule 12 and 17 Motion to Dismiss (Doc. 42) and a supporting memorandum (Doc. 43).

That same day, Cleveland County filed another Motion to Dismiss (Doc. 44), a supporting memorandum (Doc. 45), and an Answer (Doc. 46).

Counsel for Cleveland County advises that Cleveland County was inadvertently shown as a movant with respect to the Motion to Dismiss filed by the Individual Defendants on October 1, 2019 (Doc. 38). Cleveland County now seeks, through its Motion to Amend, to be removed as a movant with respect to that Motion to Dismiss and to proceed with its stand-alone Motion to Dismiss filed on October 8, 2019 (Doc. 44).

Defendant White takes no position with respect to the Motion to Amend, though counsel for Defendant White advises that his discussions with counsel for Cleveland County support her representation that the inclusion of Cleveland County as a movant with respect to Document 38 was inadvertent.

Plaintiffs have filed a response (Doc. 54) in opposition to the Motion to Amend. Cleveland County has raised the defense of governmental immunity and Plaintiffs note that, depending upon whether that defense is interpreted as being an issue of personal jurisdiction or subject matter jurisdiction, Cleveland County could be deemed to have waived its entitlement to it.[2] However, at the hearing, Plaintiffs' counsel advised that Plaintiffs do not

---

[2] North Carolina law on this question appears to be unsettled. See e.g., Ortiz v. Vance Cty. Sch., Admin. Unit, No. 5:18-CV-91-D, 2019 WL 1940596, at *7 (E.D.N.C. Apr. 30, 2019) ("The Supreme Court of North Carolina has not resolved whether governmental immunity presents a defense to subject-matter jurisdiction or personal jurisdiction.").

vehemently object to the Motion to Amend and acknowledged that the inclusion of Cleveland County as a movant to the subject Motion to Dismiss was apparently unintended.

Having considered the arguments and representations of counsel, and bearing in mind that, where possible, matters should be decided on their merits, the undersigned will allow the Motion to Amend.

Accordingly, Cleveland County's Motion to Amend the Rule 12 and 17 Motion to Dismiss (Doc. 42) is **GRANTED,** and the Motion to Dismiss for Lack of Jurisdiction (Doc. 38) and the supporting memorandum (Doc. 39) are deemed withdrawn to the extent they were made on behalf of Cleveland County.

### 3. Cleveland County's Oral Motion for Extension of Time

As noted above, Cleveland County's Motion to Dismiss (Doc. 44), a supporting memorandum (Doc. 45), and Answer (Doc. 46) were filed on October 8, 2019, one day after Cleveland County's deadline of October 7, 2019 to respond to the Amended Complaint.

During the hearing, counsel for Cleveland County made an oral motion for an extension of time to request that Cleveland County's Motion to Dismiss (Doc. 44) be deemed timely filed.

Counsel provided an explanation for the overdue filing. Neither Plaintiffs nor Defendant White object to the requested extension of one day.

5

Having considered, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the danger of prejudice to Plaintiffs, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether Cleveland County acted in good faith, the undersigned will allow the request.

Accordingly, Cleveland County's oral motion for extension of time is **GRANTED,** and Cleveland County's Motion to Dismiss (Doc. 44) and supporting memorandum (Doc. 45) are **DEEMED TIMELY FILED**.

### 4. Future Filings

Finally, the undersigned respectfully reminds counsel that filings should be made in strict conformity with, and within the timelines set forth by, the Rules of Civil Procedure, the Local Rules, and any Court Orders, and encourages them to take appropriate steps to ensure that this case proceeds in an orderly and efficient fashion as it moves forward.

Signed: November 5, 2019

*[signature]*

W. Carleton Metcalf
United States Magistrate Judge