UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:19-CV-00197-MOC-WCM

| | |
|---|---|
| LESLIE E. KLINE, on her own behalf and on behalf of J.T.W., a minor under the age of eighteen, and JEFFERY A. KLINE, <br><br> Plaintiffs, <br> vs. <br><br> CLEVELAND COUNTY, a local government entity, et al., <br><br> Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Dismiss all claims against the employees of the Cleveland County Department of Social Services ("DSS") in their official capacities. See Doc. No. 79. In support, the DSS employees assert that the Klines failed to properly serve them in their official capacities and that, regardless, the claims are duplicative of those filed against Cleveland County. See Doc. No. 80. Because the official capacity claims are redundant with their claims against Cleveland County, the Court will grant the Motion to Dismiss.

The relevant facts for this motion are straightforward. In June 2019, the Klines filed this lawsuit, alleging that the Cleveland County Department of Social Services, the DSS employees, and Leslie Kline's ex-husband unlawfully conspired to deprive them of their constitutional right to familial privacy. See Doc. No. 1. Their Amended Complaint asserts claims against Cleveland County—the government entity responsible for the Department of Social Services—and the DSS employees—in both their official and individual capacities. Each official capacity claim is identically asserted against Cleveland County. See Doc. No. 17 ¶¶ 321–463.[1] It is uncontested

---

[1] In their Amended Complaint, the Klines assert several claims collectively against the "DSS Defendants." See Doc. No. 17 at 2, 56. Though the term is defined inartfully, the Court

that the Klines properly served Cleveland County. See Doc. Nos. 80 at 2–3. It is also uncontested that the DSS employees waived service of process in their individual capacities. See id. But the DSS employees now move to dismiss the claims against them in their official capacity, maintaining they were not served and did not waive service in that capacity. See Doc. No. 79 at 1.

As a starting point, both the Klines and the DSS employees recognize that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978); see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (explaining that official capacity suits are not "against the official personally, for the real interest is the entity"). But the litigants disagree on the implications of this rule for proper service of process. The Klines maintain that, because Cleveland County has been properly served, the DSS employees have likewise been served for purposes of the official capacity claims. See Doc. No. 84 at 2. For their part, the DSS employees assert that they were not properly served because they did not personally receive such service. See Doc. No. 80 at 5.

The litigants are not alone in their disagreement. Federal Rule of Civil Procedure 4 fails to specify the proper method of serving public employees in their official capacity. See Cheeks v. Belmar, 331 F.R.D. 499, 505 (E.D. Mo. 2019). Some courts, recognizing that an official capacity suit is essentially a suit against the government, have thus held that service is governed by Rule 4(j), which provides the method of service for state and local entities. See Moore v. Hosemann,

---

understands that designation to include Cleveland County, as it is the proper entity to be sued when asserting claims against its Department of Social Services. See, e.g., Doc. No. 17 ¶ 7 (identifying "Defendant County [as] the employer of [the DSS employees] and [the] proper entity to be sued under 42 U.S.C. § 1983"). By representing that the "official capacity claims are redundant," counsel representing the DSS employees and Cleveland County acknowledges the same. Doc. No. 80 at 6; see also id. (noting "that because DSS is not subject to suit in its own name, [so the] county would be proper party for official capacity claims brought against DSS director and employees" (quoting Hogan v. Cherokee Cty., No. 1:18-CV-96, 2019 WL 2591089, at *7 (W.D.N.C. Feb. 28, 2019), report and recommendation adopted, 2019 WL 1376074 (W.D.N.C. Mar. 27, 2019)).

2

591 F.3d 741, 746 (5th Cir. 2009); id. at 746 n.6 (collecting cases); see also Mack v. Fox, No. 1:07-CV-760, 2008 WL 4832995, at *3 (M.D.N.C. Nov. 4, 2008), report and recommendation adopted, 2008 WL 7674789 (M.D.N.C. Dec. 10, 2008). By contrast, other courts require the public officer to be personally served, as that officer will be bound by the judgment and can be held in contempt for failing to comply. See Caisse v. DuBois, 346 F.3d 213, 216 (1st Cir. 2003); Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976); see also 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1109 (noting a split of authority).

The Court need not decide the novel question of whether the DSS employees were properly served in their official capacity. Regardless, the Klines' official capacity claims shall be dismissed as duplicative. As the Supreme Court has explained, there is no "need to bring official-capacity actions against local government officials, for, under Monell[,] local government units can be sued directly for damages and injunctive or declaratory relief." Graham, 473 U.S. 167 n.14. Indeed, the Fourth Circuit has held that official capacity claims may be dismissed when they are redundant with claims against local government units. See Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 307 n.13 (4th Cir. 2006); Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) (citing Hicks v. Halifax Cty. Bd. of Educ., 93 F. Supp. 2d 649, 667 (E.D.N.C. 1999)); see, e.g., Perez v. D.C. Dep't of Employment Servs., 305 F. Supp. 3d 51, 56 (D.D.C. 2018) (same). North Carolina courts have recognized the same. See Moore v. City of Creedmoor, 481 S.E.2d 14, 22 (N.C. 1997) ("[W]here the Governmental entity may be held liable for damages resulting from its official policy, a suit naming public officers in their official capacity is redundant").

Here, the DSS employees represent that the official capacity claims against the DSS employees are redundant with the claims against Cleveland County and thus should be dismissed. See Doc. No. 80 at 6–7. In their response, the Klines completely fail to show—or even suggest—

3

that any of the official capacity claims differ from the claims against the government entity, either in terms of the allegations, legal standards, or relief. See generally Doc. No. 84. In fact, Plaintiffs recognize "Cleveland County and the Individual DSS [employees], in their official capacities, are one and the same." Doc. No. 84 at 3.

Because the official capacity claims are undisputedly redundant with the Cleveland County claims, the Court will exercise its discretion and dismiss the redundant claims as a matter of judicial economy. See, e.g., Mangum v. Town of Wrightsville Beach, No. 7:19-CV-29, 2019 WL 2246780, at *2 (E.D.N.C. May 23, 2019) (granting a motion to dismiss where plaintiffs failed to dispute that the official capacity claims were duplicative with the government entity claims).[2]

---

[2] Because Katie Swanson was only named in her official capacity, see Doc. No. 17, this dismissal removes her as a party to this case, see Bray v. Town of Wake Forest, No. 5:14-CV-276, 2015 WL 1534515, at *4 (E.D.N.C. Apr. 6, 2015) (same).

4

Case 1:19-cv-00197-MOC-WCM   Document 90   Filed 06/02/20   Page 4 of 5

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion to Dismiss the official capacity claims against the DSS employees, Doc. No. 79, is **GRANTED**, and those claims are **DISMISSED** as redundant with the claims against Cleveland County.

Signed: June 2, 2020

Max O. Cogburn Jr
United States District Judge