IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 197 MOC WCM

| | | |
|---|---|---|
| **LESLIE E. KLINE,** on her own behalf and on behalf of B.A.W. and J.T.W., minors under the age of eighteen and, **JEFFERY A. KLINE,** on his own behalf, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **CLEVELAND COUNTY,** a local government entity; **KAREN PRITCHARD,** former director of Cleveland County Department of Social Services, in her official and individual capacities; **KATIE SWANSON,** director of Cleveland County Department of Social Services, in her official capacity; **TAMARA HARDIN,** Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **PAM BRIGHT,** former Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **NICHOLE ALLEN,** Cleveland County Department of Social Services Child Protective Services Social Worker, in her official and individual capacities; **DEBI REECE,** Cleveland County Department of Social Services Child Protective Services social worker, in her official and individual capacities; **CHRISTOPHER LEE,** Cleveland County Department of Social Services Child Protective Services social worker, in his official and individual capacities; and **JOHNNY ANDERSON WHITE,** in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This matter is before the Court on the following:

1. Defendants' Motion for Protective Order (the "Motion for Protective Order," Doc. 95);

2. An unopposed Motion to Extend Plaintiffs' Deadline to Designate and Provide Expert Reports (the "Motion for Extension of Pretrial Deadlines," Doc. 97);

3. A Revised Motion to Extend Plaintiffs' Deadline to Designate and Provide Expert Reports (the "Revised Motion for Extension of Pretrial Deadlines," Doc. 98); and,

4. A Consent Motion for Extension of Time to Reply to Plaintiffs' Response to Defendants' Joint Motion for Protective Order (the "Motion to Extend Reply Deadline," Doc. 100).

## I. The Motions for Extension of the Pretrial Deadlines

A review of the Motion for Extension of Pretrial Deadlines (Doc. 97) and the Revised Motion for Extension of Pretrial Deadlines (Doc. 98) reveals that these Motions are identical apart from the parties' proposed new deadlines. Accordingly, the undersigned will deny the Motion for Extension of Pretrial Deadlines (Doc. 97) as moot and will consider the Revised Motion for Extension of Pretrial Deadlines.

In the Revised Motion, the parties indicate that many documents responsive to Plaintiffs' written discovery requests have been withheld "pending the application for and entry of a protective order," and that Plaintiffs' counsel needs additional time "to confer with Defense Counsel" regarding Defendants' objections to certain discovery requests. Doc. 98, pp. 1-2. Plaintiffs contend that due to these issues, they "remain without much of the necessary information needed for Plaintiffs' experts to review and form opinions." Id. at p. 2. Plaintiffs therefore request extensions of their deadline to designate experts, which in turn would result in extensions of the other pretrial deadlines in this case. Id.

The parties proposed lengthy deadlines in their Rule 26(f) Report. See Doc. 87. However, as this matter has been pending since June 20, 2019, the case needs to move forward in a prompt and orderly manner to the August 2, 2021 trial. In that regard, the Pretrial Order entered in this case set certain deadlines, and while some of these deadlines have been extended, the Court has declined to extend others. See Docs. 91, 93, 94.

Below is a history of the deadlines in this matter, with current deadlines in **bold**:

|  | Parties' Proposed Deadlines in 26(f) Report (Doc. 87) | Pretrial Order and Case Management Plan (Doc. 91) | First Request for Extension of Deadlines (Doc. 93) | Order granting in part First Request for Extension of Deadlines (Doc. 94) | Revised Motion for Extension of Pretrial Deadlines (Doc. 98) |
|---|---|---|---|---|---|
| Plaintiffs' Expert Designations | 11/8/2020 | 9/8/2020 | 1/1/2021 | **10/27/2020** | 12/31/2020 |
| Defendants' Expert Designations | 1/20/2021 | 10/8/2020 | 2/3/2021 | **11/24/2020** | 2/5/2021 |
| Discovery | 4/30/2021 | **2/2/2021** | 2/26/2021 |  | 3/31/2021 |
| Mediation |  | **2/19/2021** |  |  | 4/30/2021 |
| Motions | 6/4/2021 | **3/2/2021** |  |  | 5/17/2021 |
| Trial |  | **8/2/2021** |  |  |  |

By the instant Revised Motion for Extension of Pretrial Deadlines (Doc. 98), the parties do not request a continuance of the August 2, 2021 trial setting; however, they do request extensions of approximately two months or more of the other current pretrial deadlines.

The undersigned is not persuaded that the deadlines for discovery, mediation, or motions should be extended. However, the parties will be allowed some additional time to complete their expert disclosures considering their representation that the entry of a protective order is necessary.

## II. The Motion for Protective Order and Motion to Extend Reply Deadline

In the Motion for Protective Order, Defendants request an order "addressing the discovery production, re-disclosure and use of confidential, non-public documents and information in the context of this case." Doc. 95, p. 1. Defendants have not submitted a proposed order or specific language for such an order but instead have filed a Memorandum in Support setting out their objectives for the protective order. See Doc. 96, pp. 4-11. In response, Plaintiffs likewise have not provided the Court with their proposed language for a protective order. Doc. 99.

By the Motion to Extend Reply Deadline, Defendants seek additional time through September 25, 2020 to reply to Plaintiffs' response and state that "[c]ounsel are attempting to work through differences to come to an agreement on as many points as possible". Doc. 100 at p. 1.[1]

In this context, the undersigned has considered denying the Motion without prejudice. However, in an effort to avoid further delay and as it appears the parties are continuing to attempt to reach an agreement on a proposed protective order, Defendants' deadline to reply to Plaintiffs' response will be allowed. The undersigned encourages counsel to continue their efforts

---

[1] It is not clear why issues related to a protective order have not been addressed previously, given that confidentiality concerns have been present since the case was filed in June of 2019.

in this regard and is confident that they will be able to resolve many, if not all, of their disagreements.

In the event they are not able to resolve all matters, however, it would aid the Court in considering the Motion to have specific provisions that each side contends should be included in a protective order.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Extend Plaintiffs' Deadline to Designate and Provide Expert Reports (Doc. 97) is **DENIED AS MOOT**.

2. With respect to the Revised Motion to Extend Plaintiffs' Deadline to Designate and Provide Expert Reports (Doc. 98):

    a. The motion is **GRANTED IN PART** and the following deadlines appearing in the Pretrial Order and Case Management Plan are **EXTENDED**:

        i. Plaintiffs' expert designations through and including November 13, 2020; and

        ii. Defendants' expert designations through and including December 11, 2020.

    b. Otherwise, the Motion is **DENIED** and all other provisions of the Pretrial Order and Case Management Plan (Doc. 91) remain in effect.

3. The Consent Motion for Extension of Time to Reply to Plaintiffs' Response to Defendants' Joint Motion for Protective Order (Doc. 100) is **GRANTED AS FOLLOWS:**

   a. Defendants' deadline to file a Reply to Plaintiffs' Response to Defendants' Motion for Protective Order is **GRANTED**, and Defendants' reply deadline is **EXTENDED** through and including September 25, 2020;

   b. In connection with their reply, Defendants' shall submit:

      i. A proposed joint protective order that has been executed by counsel for all parties OR

      ii. Defendants' proposed protective order, with any areas of remaining disagreement being identified and Defendants' position on those issues also being described. In that event, Plaintiffs shall submit, within seven (7) days of Defendants' filing, a sur-reply that includes their proposed protective order and Plaintiffs' position on any areas of disagreement.

4. A ruling on Defendants' Motion for Protective Order (Doc. 95) is **DEFERRED** pending the additional filing(s) described above.

Signed: September 21, 2020

W. Carleton Metcalf
United States Magistrate Judge