IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 197 MOC WCM

| | |
|---|---|
| **LESLIE E. KLINE,** on her own behalf and on behalf of B.A.W. and J.T.W., minors under the age of eighteen and, **JEFFERY A. KLINE,** on his own behalf,<br><br>    Plaintiffs,<br> vs.<br><br>**CLEVELAND COUNTY,** a local government entity; **KAREN PRITCHARD,** former director of Cleveland County Department of Social Services, in her official and individual capacities; **KATIE SWANSON,** director of Cleveland County Department of Social Services, in her official capacity; **TAMARA HARDIN,** Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **PAM BRIGHT,** former Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **NICHOLE ALLEN,** Cleveland County Department of Social Services Child Protective Services Social Worker, in her official and individual capacities; **DEBI REECE,** Cleveland County Department of Social Services Child Protective Services social worker, in her official and individual capacities; **CHRISTOPHER LEE,** Cleveland County Department of Social Services Child Protective Services social worker, in his official and individual capacities; and **JOHNNY ANDERSON WHITE,** in his individual capacity,<br><br>    Defendants. | **PROTECTIVE<br>ORDER** |

1

This matter is before the Court on the parties' Joint Motion for Entry of Consent Protective Order (Doc. 108). The motion is granted, and the parties' proposed Order is accepted, *except as amended where indicated*.

\*\*\*

This matter came before the court for consideration upon the joint motion of the parties, through their respective counsel, for entry of a Protective Order pursuant to FRCvP Rule 26(c) addressing the discovery production, re-disclosure and use of confidential, non-public documents and information in the context of this case.

In light of the nature of the allegations set forth in Plaintiffs' Amended Complaint, the Rule 26 initial disclosures, exhibits, the discovery requests and responses, subpoenas to third parties, depositions and trial evidence that will be sought, produced and utilized by each of the parties in this case will necessarily consist in large measure of information, documents and other tangible things which are, in and of themselves, or contain or consist of information that is confidential by virtue of state or federal law. Much information and documentation of this sort has previously come into possession of one or more of the Parties in the context of previous legal proceedings as well as non-judicial proceedings, including the statutory and

regulatory process of DSS involving obtaining and safeguarding confidentiality of protective services information whereby DSS is required to keep social services information confidential[1], but remains subject to specific statutory and regulatory prohibitions and limitations on re-disclosure.

The Court concludes as a matter of law upon stipulation of the Parties that the Confidential Information is discoverable, that the Parties are entitled to same subject to the terms of an appropriate Protective Order and that the Parties do not object to the discovery under the terms of an appropriate protective order with respect to the Confidential Information.

Accordingly, it is hereby stipulated among the Parties and ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that Plaintiffs, Defendants and any person subject to this Order shall adhere to the following terms:

1. For purposes of this Protective Order, the term "Confidential Information" shall refer to information and documents that a party

---

[1] Including but not limited to 45 C.F.R. 164.512, 45 C.F.R. 303.21, 307.13, 42 USC 654(26), 10ANCAC 70A.0105, NCGS Chapter 7B, NCGS 7B-290 through 302 & 601, 45 C.F.R. 160.203(c), 10 NCAC 26B.0101 through .0304, 10A NCAC 13F.1410, 5 USC 552a, 20 C.F.R. 401.100 through 401.200, 10A NCAC 70A .0112, 10A NCAC 69.0102, 10A NCAC 69. 0201,10A NCAC 69.0202, 10A NCAC 69.0101, NCGS 108A-80, NCGS 105-228, NCGS 8-53 et seq., and other legislative, statutory or regulatory provisions that may apply.

believes in good faith to constitute personal health information[2] including medical records, mental health records, and substance abuse records, DSS records[3], DJJ records, juvenile records, school records, personal financial information, or patient names and identifying information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

2. Such Confidential Information may be contained in documents, written discovery responses, elicited at deposition, obtained in response to a subpoena to third-parties, at a hearing or at a trial, and designated as "CONFIDENTIAL" as set forth below. All documents and information containing Confidential Information obtained pursuant to discovery in this litigation or provided voluntarily shall be maintained by the receiving Parties in

---

[2] As used in this Order, the term "protected health information" (PHI) is defined by the privacy provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996). Under HIPAA, PHI is any information held by a covered entity which concerns health status, provision of health care, or payments for health care that can be linked to an individual. 45 C.F.R. § 164.501. Covered entities include health care providers, health care clearinghouses, and health plans. Id.

[3] Social Services records includes any records (inclusive of information obtained in any form), made, gathered, maintained, kept or held by the Cleveland County Department of Social Services a/k/a the Cleveland County Department of Health and Human Services ("DSS") that relate to the individuals referenced and are the subject of this lawsuit. This Order does not extend the release of any records of any individuals for whom disclosure is prohibited, who are not the subject matter of the allegations in this lawsuit.

4

confidence and may only be used for purposes outlined in paragraph 11.

3. All documents and/or information that the Parties produce or information that the Parties disclose through deposition or in response to a subpoena or written discovery and in good faith specifically designate as "CONFIDENTIAL" (hereinafter "Confidential Information") shall be protected from public disclosure, except as provided herein. Any document, file or the contents of which is deemed confidential shall be marked "CONFIDENTIAL on each page of said document or file prior to its production. No Party shall designate any document as "CONFIDENTIAL" unless that Party has a bona fide good faith basis to do so.

4. In the event of a dispute, the Party claiming that a document constitutes Confidential Information shall have the burden of demonstrating that the document constitutes Confidential Information.

5. Inadvertent production of any information, document or thing without it being marked Confidential shall not be deemed a waiver of confidentiality as to such matter, and the same may

5

thereafter be corrected, as a matter of right, by supplemental written notice of the designation. All copies of any such information, document or thing shall thereafter promptly be marked by persons in possession of them with the correct designation and treated in accordance with this Order.

6. The Parties may also designate the deposition testimony of any witness or any reasonable portion thereof as Confidential Information, and such deposition testimony shall be covered by this Protective Order, by advising the court reporter, the witness and counsel for all the Parties to such fact on the record during the deposition or in writing within fifteen (15) days of the receipt of the transcript in either electronic or printed form from the court reporter, whether or not signed by the deponent. When deposition testimony is designated as Confidential, the transcribed testimony, the exhibits to the deposition, the court reporter's recordings, if any, and any audio and /or video recording of the deposition or any portion thereof made by a retained third party videographer, an attorney or personnel employed by an attorney, by a party or by the witness, shall be

included in the designation of the deposition as Confidential Information.

7. The Confidential Information may not be disclosed except to:

   a. The attorneys and the law firms appearing in this captioned case on behalf of the Parties and personnel who are directly employed by those firms and who are assisting the attorneys working on this captioned case;

   b. The Court and Court personnel who have a need to read, review, or file Confidential Information;

   c. Any Party or officer, director, or employee of a Party to whom disclosure is needed to assist legal counsel in the preparation for, mediation of, and/or trial of this action;

   d. Any mediator who mediates the present litigation;

   e. Individuals who legal counsel for any Party reasonably and in good faith believes may be a witness in this litigation, but only to the extent such Confidential Information pertains to that individual or is relevant to his or her possible testimony and such individuals have received a copy and agreed to the be bound by the terms of this Protective Order as shown by their

signature on the Agreement to be Bound by Protective Order, Exhibit A to this Order;

 f. Retained or consulted experts of any kind, to the extent such persons have been advised of and have agreed to the terms of this Order as shown by their signature on the Agreement to be Bound by Protective Order, Exhibit A to this Order;

 g. Public agencies, including law enforcement agencies and officials, to the extent such persons have been advised of and have agreed to the terms of this Protective Order.

8. This Protective Order shall not be interpreted or construed so as to prevent an attorney from showing a deponent a document during a deposition for the purposes of refreshing the deponent's memory, impeachment, or asking questions related to the document, or admitting a document as a deposition exhibit.

9. Before counsel for any Party discloses any Confidential Information to any party, witness, consultant, or litigation support person, counsel for the Party (1) shall ensure that the recipient reads this Protective Order, and (2) shall obtain the agreement of the recipient to be bound by the terms of this Protective Order, which agreement shall be evidenced by the signature of the

8

witness on a copy of the form attached hereto as "Exhibit A." Counsel for the Party shall maintain the original of the signed statement, shall keep a listing of all individuals to whom the Party has provided the Confidential Information, and will provide the listing as may be ordered by the Court.

10. All persons, including the Parties, their attorneys, their office personnel and assistants, and all experts/professionals retained by counsel for the Parties shall not disclose, or reveal, or in any manner, disseminate or otherwise use any of the Confidential information contained therein, except as allowed by this Consent Protective Order.

11. The persons identified in Paragraph 7 above shall use the Confidential Information and any information contained therein only for the following purposes:

    a. Preparation of discovery

    b. Providing discovery

    c. Litigating this case

    d. Appeals related to this case

    e. such other use as may be specifically agreed upon by the Parties and authorized by the Court in this litigation; and not

9

in any other litigation in any manner whatsoever nor for any other business, personal, competitive, governmental or other purposes or reasons, and the persons identified in Paragraph 4 shall not disclose, provide or produce such Confidential information or any portion thereof to any other entity, person or persons, except as expressly permitted by this Consent Protective Order or ordered by the Court.

    f. Notwithstanding paragraph 11 and all subsections to paragraph 11, this Protective Order shall not be interpreted or construed to authorize or to preclude Plaintiffs and/or any attorneys hired by Plaintiffs from using confidential documents and information obtained by way of discovery in this case for the purpose of litigating Plaintiffs' pending case before the NC Industrial Commission case number TA-27844.

12. Any Confidential Information which is admitted into evidence in this matter at any hearing or trial or included as an exhibit to any deposition shall not lose its protection under this Consent Protective Order, unless so ordered by the Court.

13. The Parties shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such

10

Case 1:19-cv-00197-MOC-WCM   Document 109   Filed 11/05/20   Page 10 of 16

designation is made, and a failure to provide any such challenge shall not preclude a subsequent challenge to such designation. The Parties may move the Court, upon notice, to limit, remove, or challenge the designation of Confidential Information with respect to any specified document, testimony, or any other thing or any portion thereof. The Parties shall attempt to resolve in good faith any dispute about the confidentiality of information or its use before seeking resolution by the Court. The designation of confidentiality shall not be read as a stipulation or agreement by any Party as to the admissibility or nature of any particular evidence at trial.

14. Confidential Information developed, revealed by, or included in any discovery proceedings, formal or informal, whether in the form of deposition transcripts, interrogatory answers, or document production need not be filed except when required in connection with matters pending before this Court. ~~If documents containing, summarizing, or referring to Confidential Information are filed, they shall be filed under seal.~~ The party seeking to file such Confidential Information shall notify the party that designated the information as Confidential in writing and

11

describe the specific documents that are requested to be filed. ~~Then the party that designated the information as Confidential shall take the necessary steps with the Clerk of Court to see that the Confidential documents are sealed according to the Clerk's procedures.~~ *To the extent any party seeks leave to file Confidential Information with the Court under seal, such request shall be made in conformity with the Local Rules of this district, including Local Civil Rule 6.1.*

15. By the disclosure of any information by Cleveland County, DSS or its employees or agents pursuant to this Order, which information may be deemed confidential, such disclosing persons are protected from any breach or violation for such release that might otherwise arise under county rules, or any state and federal laws or regulations for disclosure, and DSS is absolved from any notification requirements related to the protected disclosure of information within the confines of this Protective Order. This Order is deemed sufficient to waive any written consent requirements that may be required by law before Cleveland County and its DSS may release any information pursuant to this Order.

16. The Parties shall be responsible for the security of documents and information provided to them and subject to this Protective Order.

17. This Protective Order shall continue to be binding after the conclusion of the litigation, and this Court reserves jurisdiction over all persons to whom such information was disclosed for purposes of enforcing it.

18. In the event that circumstances change or the terms of confidentiality are not sufficient, any Party may seek an amendment to this Protective Order. The Parties shall attempt to resolve in good faith any proposed amendment to the Protective Order pertaining to the treatment and/or the confidentiality of information, or its use, in an attempt to reach a compromise before seeking a formal resolution by the Court.

## CONSENT TO DISCLOSURE

Inasmuch as the DSS information, DJJ records, PHI, school records and other information, including medical/mental health records already in the possession of DSS and DJJ, do or may contain private and confidential information of Parties to this lawsuit (Leslie Kline, Jeffrey Kline, Johnny White, JTW (a minor by and through his parents) except as set forth in "a"

13

below), and non-party ACW (a minor for whom parental consent is given), consent to disclosure is deemed given through counsel for those parties.

    a. As to <u>JTW</u> (a minor who reaches the age of majority within the coming weeks) as to the release of any protected health information or personal medical information that is *not* already in the possession of DSS and DJJ, either JTW's signature consenting to release of his confidential and private information is required prior to disclosure, or notice and opportunity to be heard;

    b. As to non-parties:

        1) <u>Karin White</u> consents to the release of Confidential Information pertaining to her that is contained in the DSS and DJJ files pursuant to the conditions of this Protective Order for use in this case only subject to this protective order; and

        2) <u>Bryan Andrew White</u> consents to the release of Confidential Information regarding him that is in the possession of DSS and DJJ in this case only for use subject to this Protective Order. However, as to Bryan White's protected health information and personal medical

information *not* already in the possession DSS and DJJ records, either Bryan White's signature consenting to release of his personal health information and medical information is required prior to disclosure, or notice and opportunity to be heard.

Signed: November 5, 2020

W. Carleton Metcalf
United States Magistrate Judge

# Exhibit A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge and I have read the foregoing Consent Protective Order (the "Order") entered in the action entitled, *Leslie Kline, on her own behalf and on behalf of B.A.W. And J.T.W., Minors, and Jeffery A. Kline, Plaintiffs v. Cleveland County, a Local Government Entity, et al* in the United States District Court For The Western District Of North Carolina, Case Number 1:19cv 197, that I understand the terms thereof, and that I agree to be bound by those terms. In particular, I will use any Confidential Information I receive solely for the purposes set forth in the protective order. I will not disclose any Confidential Information except as authorized in the Protective Order. I understand that I may be subject to contempt for willfully violating this Order and will be subject to the jurisdiction of the Court in which this action is pending for the purpose of proceedings to enforce that Order.

_____
Signature

_____
Printed Name

Date:_____