UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-197-MOC-WCM

| | |
|---|---|
| LESLIE E. KLINE, on her own behalf and on behalf of J.T.W., a minor under the age of eighteen, and JEFFERY A. KLINE, </br></br>Plaintiffs, </br>vs. </br></br>CLEVELAND COUNTY, a local government entity, et al., </br></br>Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on a Motion for Partial Summary Judgment filed by Defendant Cleveland County. (Doc. No. 105).

### I.  BACKGROUND

In this action, Plaintiffs Leslie Kline—on her own behalf and on behalf of J.T.W., her minor child—and Jeffrey Kline, her husband, allege that the Cleveland County Department of Social Services ("DSS"), its employees, and her ex-husband, Johnny White, unlawfully conspired to deprive them of their constitutional right to familial privacy, violating federal law, as well as North Carolina's Constitution and tort law.[1] On April 7, 2020, this Court denied four motions to dismiss filed by Defendants as to Plaintiffs' federal claims and state tort claims, and the Court granted the motions to dismiss as to the state constitutional claims.

As to Cleveland County's motion to dismiss, Defendant Cleveland County argued for the dismissal of Plaintiffs' state tort claims (Third, Fourth, Fifth, Six, Eighth, Eleventh, and Twelfth

---

[1] The facts and allegations are set forth in detail in this Court's prior Order denying Defendants' motions to dismiss.

Causes of Action) due to governmental immunity. Cleveland County argued that it is entitled to governmental immunity because it has not waived its immunity by purchasing liability insurance that would provide complete coverage for Plaintiffs' alleged claims. The Court denied the motion to dismiss until the relevant insurance policies could be produced through discovery. Cleveland County has now produced the policies and has filed a motion for partial summary judgment. Plaintiffs have responded and have conceded that, assuming that the language of the liability insurance waiver is unambiguous, then Cleveland County is entitled to governmental immunity from Plaintiff's state law tort claims seeking damages. For the following reasons, the Court will grant Defendant Cleveland County's motion for partial summary judgment.

## II.    STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his

2

Case 1:19-cv-00197-MOC-WCM   Document 117   Filed 12/10/20   Page 2 of 6

pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

Absent waiver, North Carolina counties enjoy governmental immunity from state tort claims arising out of their performance of governmental functions. See Patrick v. Wake Cty. Dep't of Human Servs., 188 N.C. App. 592, 595 (2008); see N.C. GEN. STAT. § 153A–435. Any waiver is limited to the extent of insurance coverage. See, e.g., Robinson v. Nash Cty., 43 N.C. App. 33, 35 (1979); Satorre v. New Hanover Cty. Bd. of Comm'rs, 165 N.C. App. 173, 176 (2004) (citing N.C. GEN. STAT. § 153A-435(a)). "If the insurance policy does not indemnify the defendant against the negligent acts alleged in plaintiff's complaint, defendant has not waived its sovereign immunity." Doe v. Jenkins, 144 N.C. App. 131, 135 (2001) (internal quotations and citations omitted). Here, the allegations in Plaintiffs' Amended Complaint relate to the provision of social services—because that is a governmental activity, absent waiver, Cleveland County is absolutely immune from suit. Accord Hare v. Butler, 99 N.C. App. 693, 699 (1990) (noting that counties are normally "immune from liability for injuries caused by negligent social services employees working in the course of their duties"); see also Whitaker v. Clark, 109 N.C. App. 379, 381 (1993).

3

At all relevant times, Cleveland County had successive excess insurance policies through Genesis Insurance Company that covered certain acts, with a $350,000 self-insured retention. See (Doc. No. 44-2). The respective insurance policies included identical pertinent provisions, including a non-waiver of governmental immunity set forth in an endorsement, as follows, in pertinent part:

> This policy is not intended by the Insured to waive its governmental immunity as allowed by North Carolina General Statutes Sec …153A-435.… [T]his policy only provides coverage for occurrences or wrongful acts for which the defense of governmental immunity is clearly not applicable….

(Doc. Nos. 44-5 & 44-6).

The insurance policies have made clear the intent to specifically preserve sovereign or governmental immunity for all claims to which such immunity applies. The North Carolina Court of Appeals has repeatedly recognized that nearly identical policy provisions are sufficient to preserve governmental immunity. See, e.g., Patrick v. Wake Cty. Dep't of Human Resources, 188 N.C. App. 582, 596–97 (2008) (preserving immunity and barring claims against County where language in policy expressly preserved immunity); Owen v. Haywood Cty., 205 N.C. App. 456 (2010); Earley v. Haywood Cty. Dep't of Soc. Servs., 204 N.C. App. 338 (2010).

Moreover, the policies contain another provision supporting a finding that Cleveland County is entitled to governmental immunity. That is, the policies provide that the county must pay the self-insured retention amount of $350,000 before coverage is triggered:

> [W]e agree to indemnify the Insured for ultimate net loss in excess of the retained limit which the Insured becomes legally obligated to pay because of bodily injury, personal injury, advertising injury, or property damage which occurs during this policy period and to which this insurance applies. Our indemnification obligation shall not arise until the Insured itself has paid in full the entire amount of its retained limit. The retained limit must be paid by the Insured, and may not be paid or satisfied, in whole or in part, by any other source of payment, including but not limited to other insurance, or negated, in whole or in part, by any form of immunity to judgment or liability. No other obligation or liability to pay sums or

4

> perform acts or services is covered. The Insured's obligation to pay shall have been determined by judgment against the Insured after a contested suit or by written agreement, which has received our prior approval, between the Insured(s) and the claimant(s) or the claimant's legal representative.

(Doc. Nos. 44-2, 44-9 & 44-10). In Ballard v. Shelley, the North Carolina Court of Appeals considered an identical policy provision in a Genesis Insurance policy and found that the insurance policy did not waive its immunity with respect to the common law tort claims, reasoning as follows:

> if a municipality has statutory immunity from liability for tort claims, it cannot be required to pay any part of the self-insured amount and, therefore, the excess policy will provide no indemnification. In other words, because the county is immune from negligence claims up to [the self-insured amount], it will never have a legal obligation to pay this self-insured amount and, thus, has not waived its immunity through the purchase of this excess liability insurance policy.

247 N.C. App. 561, 565 (2018) (internal citations and quotations omitted).

For the reasons stated above, the Court finds that the allegations in the Third, Fourth, Fifth, Sixth, Eighth, Eleventh and Twelfth Causes of Action of Plaintiffs' Complaint (Doc. No. 17) (Negligence, Negligent Supervision, Negligent Infliction of Emotional Distress, Negligence Per Se, Defamation, Abuse of Process, and Civil Conspiracy, respectively), are each state common law tort claims seeking monetary damages against Cleveland County for which governmental immunity applies as an absolute bar. Therefore, Cleveland County is entitled to summary judgment on all of Plaintiffs' state law tort claims.

### IV.   CONCLUSION

For the reasons stated herein, Defendant Cleveland County's Motion for Partial Summary Judgment is granted, and Plaintiff's state law tort claims against Defendant Cleveland County are dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Motion for Partial Summary Judgment filed by Defendant Cleveland County, (Doc. No. 105), is **GRANTED**.

Signed: December 10, 2020

Max O. Cogburn Jr
United States District Judge