IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 197 MOC WCM

| | |
|---|---|
| **LESLIE E. KLINE,** on her own behalf and on behalf of B.A.W. and J.T.W., minors under the age of eighteen and, **JEFFERY A. KLINE,** on his own behalf, <br><br> Plaintiffs, <br><br> vs. <br><br> **CLEVELAND COUNTY,** a local government entity; **KAREN PRITCHARD,** former director of Cleveland County Department of Social Services, in her official and individual capacities; **KATIE SWANSON,** director of Cleveland County Department of Social Services, in her official capacity; **TAMARA HARDIN,** Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **PAM BRIGHT,** former Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **NICHOLE ALLEN,** Cleveland County Department of Social Services Child Protective Services Social Worker, in her official and individual capacities; **DEBI REECE,** Cleveland County Department of Social Services Child Protective Services social worker, in her official and individual capacities; **CHRISTOPHER LEE,** Cleveland County Department of Social Services Child Protective Services social worker, in his official and individual capacities; and **JOHNNY ANDERSON WHITE,** in his individual capacity, <br><br> Defendants. | **ORDER** |

1

This matter is before the Court on Plaintiffs' Motion to Compel Disclosure of Confidential Records and Information (the "Motion to Compel," Doc. 119) and Plaintiffs' Motion to Seal (Doc. 118).

## I. The Motion to Compel

Plaintiffs seek to compel "disclosure of North Carolina Department of Health and Human Services Records, Cleveland County Division of Juvenile Justice records, Gaston County Department of Social Services Records, law enforcement records, medical records, mental health records, and school counseling records." Doc. 120, at 1.

### A. North Carolina Department of Health and Human Services ("NCDHHS") Central Registry Records

Plaintiffs explain that discovery they have obtained, including from Cleveland County DSS and Defendant Reece, has revealed inconsistencies with regard to the status of information regarding Plaintiffs. Doc. 120, at 3. Specifically, Plaintiffs state that they "need to verify whether any DSS 5401 forms are currently on file with the Central Registry maintained by NCDHHS, and if so, which DSS 5401 forms are on file." Doc. 120, at 4.

However, while Plaintiffs state that they are unable to obtain this information from any other source, and that disclosure of this information is vital and necessary, Plaintiffs do not explain whether they have requested such information from NCDHHS, whether NCDHHS has objected to the production

2

of this information, or whether any additional information about the inconsistencies Plaintiffs have identified even exists.

### B. Cleveland County Division of Juvenile Justice ("DJJ")

Plaintiffs seek to compel "[a]ny and all records and information pertaining to the minor children and parties to this case from May 1, 2018 through December 31, 2018" and "[a]ny and all recordings from the DJJ hearings before Judge Jeannette Reeves on June 7, 2018 and September 12, 2018 pertaining to the minor children." Doc. 119, at 3.

Plaintiffs state that they previously served a subpoena duces tecum on Cleveland County DJJ and that Cleveland County DJJ complied with the subpoena. Doc. 120, at 5. However, Plaintiffs assert that they also need to depose one or more DJJ employees, and that "the DJJ employees may object to testifying due to confidentiality." Id. In short, the instant Motion to Compel seeks an order compelling DJJ employee testimony *in the event* the DJJ employee objects to providing such testimony. There is no indication, however, that Plaintiffs have attempted to schedule such a deposition, or that a DJJ employee has actually objected to appearing for such a deposition.

### C. Gaston County Department of Social Services Records

Plaintiffs seek an order compelling Gaston County DSS to produce "[a]ll records and information pertaining to the minor children, Leslie Kline, Jeffery Kline, and Johnny White from December 1, 2018 through December 31, 2018."

3

Doc. 119, at 3.

The only explanation provided by Plaintiffs regarding these records is that "Plaintiffs have a substantial need for this information as the central issues in this case involve Cleveland County DSS' failure to follow policy and thoroughly investigate the allegations of abuse and neglect." Doc. 120, at 11. However, Plaintiffs do not explain why Gaston County DSS would have relevant records or describe their efforts to obtain these records without court intervention.

### D. Cleveland County Sheriff's Department

Plaintiffs seek "[a]ny and all records and information, including recordings, pertaining to the minor children and the parties to this case from January 1, 2017 through July 1, 2018." Doc. 119, at 3. Plaintiffs assert that the Cleveland County Sheriff's Department responded to incidents relevant to the instant action on June 1, 2018 and June 4, 2018.

However, Plaintiffs also state that, in response to a subpoena, "the Sheriff did provide certain records and information upon receiving information that a protective order was in place in this case." Doc. 120, at 6. In addition, while Plaintiffs contend that they "may also need to depose one or more law enforcement officers, in which case a court order for disclosure would still be necessary," Plaintiffs do not state that they have actually attempted to schedule such depositions or whether the Sheriff's Department has objected.

4

### E. Medical Records, Mental Health Records, and School Counseling Records

Finally, Plaintiffs seek "[a]ny and all records and information pertaining to the minor children from April 1, 2017 through December 31, 2018" from Support Inc.; "[a]ny and all records and information pertaining to the minor children from January 1, 2016 through December 31, 2018" from Preferred Choice Healthcare; and "[a]ny and all school counseling records and information pertaining to the minor children from January 1, 2016 through the dates the minor children graduated" from Thomas Jefferson Academy. Doc. 119, at 3. Again, though, Plaintiffs do not explain whether they have requested these records directly or whether the involved entities have objected to the production of such records (absent a Court order or otherwise).

Therefore, Plaintiffs' Motion to Compel will be denied without prejudice.[1]

## II. The Motion to Seal

Plaintiffs ask that the Motion to Compel (Doc. 119) and Plaintiffs' Memorandum in Support of the Motion to Compel (Doc. 120) be sealed.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3)

---

[1] Any renewed motion to compel, should one be submitted, should show that a copy of the motion has been sent to counsel for any third party against which an order compelling discovery is being sought, and advise of the third party's position relative to the motion.

5

provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR6.1(c).

Here, Plaintiffs assert that sealing the entirety of the Motion to Compel and the Memorandum in Support "is necessary as the memorandum in support includes information and testimony obtained in the depositions in this case, and such information and testimony was labeled as confidential at the beginning of such depositions." Doc. 118, at 1.

While the inclusion of information designated by the parties as being confidential pursuant to the Protective Order would be relevant to a sealing inquiry, Plaintiffs do not indicate that the Motion to Compel itself includes such information. Further, a review of the Memorandum does not immediately reveal information that should be sealed, and Plaintiffs have not identified such information specifically.

The undersigned will therefore deny the Motion to Seal. However, because there is some indication that confidential information could be included in the Motion to Compel and Memorandum in Support, the undersigned will deny Plaintiffs' request to seal these documents without prejudice and will allow these documents to remain under seal on the Court's docket for an additional period of time. If Plaintiffs have not filed a renewed motion to seal these documents by the end of this period, these documents will be unsealed

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Compel Disclosure of Confidential Records and Information (Doc. 119) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiffs' Motion to Seal (Doc. 118) is **DENIED WITHOUT PREJUDICE**. However, the Motion to Compel (Doc. 119) and Memorandum in Support of Motion to Compel (Doc. 120) will remain under seal on the Court's docket until **January 5, 2021**. If Plaintiffs have not filed a renewed motion to seal these documents by the end of this period, the documents will be unsealed.

Signed: December 21, 2020

W. Carleton Metcalf
United States Magistrate Judge