IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 197 MOC WCM

| | |
|---|---|
| **LESLIE E. KLINE,** on her own behalf and on behalf of B.A.W. and J.T.W., minors under the age of eighteen and, **JEFFERY A. KLINE,** on his own behalf, <br><br> Plaintiffs, <br> vs. <br><br> **CLEVELAND COUNTY,** a local government entity; **KAREN PRITCHARD,** former director of Cleveland County Department of Social Services, in her official and individual capacities; **KATIE SWANSON,** director of Cleveland County Department of Social Services, in her official capacity; **TAMARA HARDIN,** Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **PAM BRIGHT,** former Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **NICHOLE ALLEN,** Cleveland County Department of Social Services Child Protective Services Social Worker, in her official and individual capacities; **DEBI REECE,** Cleveland County Department of Social Services Child Protective Services social worker, in her official and individual capacities; **CHRISTOPHER LEE,** Cleveland County Department of Social Services Child Protective Services social worker, in his official and individual capacities; and **JOHNNY ANDERSON WHITE,** in his individual capacity, <br><br> Defendants. | **ORDER** |

This matter is before the Court on Plaintiffs' Renewed Motion to Seal (Doc. 123).

I. Background

On December 11, 2020, Plaintiffs filed a "Motion to Compel Disclosure of Confidential Records and Information" (the "Motion to Compel," Doc. 119) seeking to compel "disclosure of North Carolina Department of Health and Human Services Records, Cleveland County Division of Juvenile Justice records, Gaston County Department of Social Services Records, law enforcement records, medical records, mental health records, and school counseling records." Doc. 120 at 1. That same day, Plaintiffs filed a Motion to Seal (Doc. 118) seeking to seal the Motion to Compel (Doc. 119) as well as the Memorandum in Support of Plaintiffs' Motion to Compel Disclosure of Confidential Information (the "Memorandum in Support," Doc. 120). Pursuant to Local Civil Rule 6.1(d), unredacted versions of the Motion to Compel and Memorandum in Support were filed under seal for review by the Court.

On December 22, 2020, the undersigned denied Plaintiffs' Motion to Compel without prejudice. Doc. 121. Additionally, the undersigned denied without prejudice Plaintiffs' request to seal the Motion to Compel and Memorandum in Support. Id. However, because there was some indication that confidential information could be included in these filings, the undersigned allowed the documents to remain under seal for an additional

period to allow Plaintiffs to file a renewed motion to seal on or before January 5, 2021. Id.

On January 5, 2021, Plaintiffs' filed the Renewed Motion to Seal. Doc. 123.

## II. Discussion

By the Renewed Motion to Seal, Plaintiffs ask to seal the Memorandum in Support "or portions of this document." Doc. 123 at 1. Plaintiffs have not renewed their request to seal the Motion to Compel.

With respect to sealing the Memorandum in Support, Plaintiffs contend that information designated as confidential is contained in the following:

1. Argument, Subsection a, second paragraph, third paragraph, fourth paragraph, and fifth paragraph.
2. Argument, Subsection b, third paragraph.
3. Argument, Subsection c, second paragraph
4. Argument, Subsection d, second paragraph, third paragraph, fourth paragraph, and eighth paragraph.
5. Conclusion, paragraphs a through i.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the

3

documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR6.1(c).

Here, Plaintiffs assert that the portions of the Memorandum in Support identified above include "information and testimony obtained in the depositions in this case, and such information and testimony was labeled as confidential at the beginning of such depositions." Doc. 123 at 1. That this information was designated by the parties as being confidential pursuant to the Protective Order is relevant to the sealing inquiry. Further, the instant Renewed Motion to Seal has been pending since January 5, 2021, and therefore the public has been provided with notice of Plaintiffs' sealing request. The undersigned additionally notes that no opposition to the Renewed Motion to Seal has been filed by Defendants. Finally, the Motion to Compel to which the Memorandum in Support relates has been denied without prejudice; the undersigned did not rely on the allegedly confidential information set forth in

4

the Memorandum in Support in denying the Motion to Compel; and the Motion to Compel, as well as the undersigned's ruling regarding the Motion to Compel, will not be under seal. Accordingly, sealing all or a portion of the Memorandum in Support would not result in a lack of clarity regarding the Court's deliberative process.

However, Plaintiffs have not established that sealing the entirety of the Memorandum in Support is necessary and have instead identified specific portions of that document that contain or refer to information that has been designated as confidential by the parties. Under these circumstances, the undersigned finds that rather than sealing the entire Memorandum in Support, Plaintiffs should file a redacted version of the Memorandum in Support removing those sections referenced above.

**IT IS THEREFORE ORDERED** that Plaintiffs' Renewed Motion to Seal is **GRANTED** as follows:

1. An unredacted version of the Memorandum in Support of Plaintiffs' Motion to Compel Disclosure of Confidential Information (Doc. 120) will remain under seal on the docket;

2. Plaintiffs shall file, on or before January 27, 2021, a redacted version of the Memorandum in Support of Plaintiffs' Motion to Compel Disclosure of Confidential Information (Doc. 120) redacting the sections identified above as containing or referring to information designated as confidential by the parties; and

3. Plaintiffs' Motion to Compel (Doc. 119) will be unsealed.

Signed: January 20, 2021

W. Carleton Metcalf
United States Magistrate Judge