IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 197 MOC WCM

| | |
|---|---|
| **LESLIE E. KLINE,** on her own behalf and on behalf of B.A.W. and J.T.W., minors under the age of eighteen and, **JEFFERY A. KLINE,** on his own behalf, <br><br> Plaintiffs, <br> vs. <br><br> **CLEVELAND COUNTY,** a local government entity; **KAREN PRITCHARD,** former director of Cleveland County Department of Social Services, in her official and individual capacities; **KATIE SWANSON,** director of Cleveland County Department of Social Services, in her official capacity; **TAMARA HARDIN,** Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **PAM BRIGHT,** former Cleveland County Department of Social Services Child Protective Services social worker supervisor, in her official and individual capacities; **NICHOLE ALLEN,** Cleveland County Department of Social Services Child Protective Services Social Worker, in her official and individual capacities; **DEBI REECE,** Cleveland County Department of Social Services Child Protective Services social worker, in her official and individual capacities; **CHRISTOPHER LEE,** Cleveland County Department of Social Services Child Protective Services social worker, in his official and individual capacities; and **JOHNNY ANDERSON WHITE,** in his individual capacity, <br><br> Defendants. | **ORDER** |

1

This matter is before the Court on various motions, as described herein. A hearing was held on March 2, 2021 by video teleconference. Rebecca McNerney appeared on behalf of Plaintiffs, Martha Thompson appeared on behalf of Defendant Cleveland County and the DSS Defendants, and Mark Kurdys appeared on behalf of Defendant Johnny Anderson White ("White"). Additionally, Clay Henley appeared on behalf of Gaston County DSS ("Gaston County"), and Lisa Bradley, Gail Carelli, and Thomas Campbell appeared on behalf of the North Carolina Department of Health and Human Services ("NCDHHS").

### I. Plaintiffs' (Revised) Motion to Compel Disclosure of Confidential Records and Information (Doc. 136)

Prior to receiving argument regarding the Motion to Compel, the undersigned confirmed that all parties, Gaston County, and NCDHHS were prepared to proceed with a hearing on the Motion.

### A. Gaston County Documents

Counsel for Gaston County advised that Gaston County would produce documents in response to Plaintiffs' January 2021 subpoena if the documents were covered by the terms of the Protective Order (Doc. 109) previously entered in this matter. During the hearing, all parties to this action stipulated that the documents to be produced by Gaston County would be considered "confidential" under the terms of the Protective Order. In light of this

stipulation, Gaston County agreed to produce documents in response to Plaintiffs' January 2021 subpoena on or before Friday, March 5, 2021 to all parties. Therefore, to the extent the Motion seeks to compel the production of documents by Gaston County, the undersigned denied the Motion to Compel as moot.

### B. NCDHHS Central Registry Documents

Plaintiffs explained that they have sent a subpoena for Central Registry documents to clear up certain discrepancies they have identified between information on file with the Central Registry and information produced by Cleveland County.

Cleveland County, the DSS Defendants, and White do not object to production of the Central Registry documents by NCDHHS.

NCDHHS, however, does object and contends that these documents are confidential. Additionally, NCDHHS argues that the information in the Central Registry has been uploaded from the counties, and that the forms from which that information was taken may be obtained from the counties.

The Court directed Plaintiffs and NCDHHS to submit briefing addressing whether a court may order production of Central Registry documents, and if such production was authorized by law, whether production was appropriate in this matter, with this briefing to be provided within the parameters described below.

## II. Motion of John Thomas White to Intervene and for Substitution (Doc. 140)

The parties advised that they do not object to this Motion to Substitute.

Accordingly, and following consultation with the chambers of the presiding District Judge, the undersigned will grant the Motion to Substitute and will direct John Thomas White to file a notice within fourteen (14) days indicating whether he will continue as a party to this matter.

## III. Oral Motion to Extend the Dispositive Motions Deadline

Cleveland County and the DSS Defendants made an oral motion to extend the deadline to file dispositive motions. The Court took this Motion under advisement.

Having considered it further, the undersigned concludes that the April 1, 2021 motions deadline should remain in place.

## IV. Motion to Amend DSS Defendants Answer and Cleveland County's Amended Answer to Plaintiffs' Amended Complaint (Doc. 142)

Defendant White advised that he does not object to this Motion to Amend. Plaintiffs requested an opportunity to review the Motion to Amend and to submit, if appropriate, a response thereto. Consequently, the undersigned did not address this Motion further during the hearing.

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' (Revised) Motion to Compel Disclosure of Confidential Records and Information (the "Motion to Compel," Doc. 136) is:

    a. **DENIED AS MOOT** to the extent the Motion seeks to compel the production of documents by Gaston County in response to Plaintiffs' January 2021 subpoena.

    b. **HELD OPEN PENDING FURTHER BRIEFING** to the extent the Motion seeks to compel the production of documents from the North Carolina Department of Health and Human Services.

      i. The North Carolina Department of Health and Human Services shall submit a brief, not to exceed five (5) pages, on or before Friday, March 5, 2021 addressing (1) the discoverability of Central Registry documents and records (i.e., the Court's legal authority to order production of such records); and (2) whether production of the documents and records requested by Plaintiffs here is appropriate.

      ii. Plaintiff may file a reply, not to exceed five (5) pages on or before Wednesday, March 10, 2021.

2. The Motion of John Thomas White to Intervene and for Substitution (Doc. 140) is **GRANTED**, and John Thomas White is directed to file a notice on or before March 19, 2021 indicating whether he will continue as a party to this matter.

3. The oral motion by Cleveland County and the DSS Defendants to extend the deadline to file dispositive motions is **DENIED**.

Signed: March 5, 2021

W. Carleton Metcalf
United States Magistrate Judge

6

Case 1:19-cv-00197-MOC-WCM   Document 146   Filed 03/05/21   Page 6 of 6